UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN ALARCON,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; TODD M. LYONS, Acting Director U.S. Immigration and Customs Enforcement; KRISTI L. NOEM, U.S. Secretary of Homeland Security; PAMELA BONDI, U.S. Attorney General; DONALD J. TRUMP, U.S. President,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* Civil Action No. 1:25-cv-13294-IT |

MEMORANDUM & ORDER

November 17, 2025

TALWANI, D.J.

Petitioner Edwin Alarcon is a Guatemalan national residing in Massachusetts. Pet. ¶¶ 1–2 [Doc. No. 1]. Petitioner alleges, and Respondents do not contest, that, "[o]n information and belief, Immigration and Customs Enforcement ("ICE") currently hold[s] Petitioner in custody in the District of Massachusetts." Id. ¶ 3; Respondents' Abbrev. Resp. 1 [Doc. No. 8].

On November 5, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that he "is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a)" and that "under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing[.]" Id. ¶¶ 10–11. "Petitioner requests such a bond hearing." Id. ¶ 12.

In response, Respondents assert that Petitioner's detention is authorized pursuant to 8 U.S.C. § 1225(b)(2)(A). Respondents' Abbrev. Response 2 [Doc. No. 8]. Yet, Respondents also concede that this case is materially similar" to Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), where, Respondents recognize, this court "held that § 1225 did not govern petitioner's detention." Respondents' Abbrev. Response 2 [Doc. No. 8]. Accordingly, Respondents agree that "[s]hould the Court apply the reasoning of Doe, it would reach the same result here, such that § 1226 would govern Petitioner's detention." Id.

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than November 24, 2025, Alarcon must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Alarcon in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

November 17, 2025                                         /s/ Indira Talwani
                                                          United States District Judge

2